FILED
STATESVILLE, N.C.
AUG 30 2006
U.S. DISTRICT COURT
W. DIST. OF NC

REC'D
~~CHARLOTTE, N. C.~~

AUG 23 2006

U. S. DISTRICT COURT
W. DIST. OF N. C.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

DOCKET NO. 5:05CR214-V

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> v. ) <br> ) <br> (1) DONNA FAYE ATKINS REEVES ) <br> ) <br> PETITION OF JOHNNIE MAE RIPPEY ) <br> ) | **CONSENT ORDER <br> FOR THIRD-PARTY PETITION** |

THIS MATTER is before the Court by consent of the United States of America, by and through Gretchen C. F. Shappert, United States Attorney for the Western District of North Carolina, and petitioner Johnnie Mae Rippey (by her son, David L. Rippey, as attorney in fact) ("petitioner"), pursuant to Fed. R. Crim. P. 32.2(c). A copy of the power of attorney authorizing David L. Rippey to act on behalf of petitioner is attached to this consent order. The government and petitioner have consented to this order as a final adjudication and settlement of all matters with regard to the following property (the "subject property") covered by the Consent Order and Judgment of Forfeiture, which is a preliminary order with respect to the subject property, filed herein on January 17, 2006:

  b. Real property including approximately 34 acres of farm land and a house located at or near 2785 Flowers Gap Church Road near Hillsville, Virginia, as more particularly described in an instrument recorded at Deed Book 82, Page 408, Carroll County Circuit Court, and in Tax Map No. 152-A-75;

The government and petitioner have stipulated and agreed and the Court finds as follows:

1. Petitioner has filed a timely petition in response to the Consent Order and Judgment and the Court has jurisdiction over the subject property.

2. Defendant Reeves ("defendant") has or had a legal ownership interest in the subject property that is subject to forfeiture under the applicable statutes. Petitioner and the United States have agreed that petitioner will sell the property subject to the condition that the value of defendant's forfeitable interest in the property will be paid to the United States from the sale proceeds.

3. At closing, the sum of $50,000 will be paid to the United States Marshals Service as a substitute res for the subject property and shall represent the forfeitable interest of defendant in that property. All right, title and interest in this $50,000 is therefore subject to forfeiture to the United States. After receipt of the $50,000 by the Marshals Service, the preliminary order shall be amended by deleting the subject property, and the government's claim to that asset shall be dismissed.

4. Petitioner hereby releases and forever discharges the United States, its agents, servants and employees, its successors or assigns, and all state or local governmental entities or law enforcement agencies in North Carolina and their agents, servants and employees, their heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which petitioner or her heirs, successors, or assigns ever had, now have, or may have in the future in connection with this investigation, seizure, detention, and forfeiture.

IT IS THEREFORE ORDERED THAT:

1. The preliminary order is amended to provide that all right, title and interest in the sum of $50,000 is forfeited to the United States for disposition according to law.

2. The preliminary order is amended by deleting the subject property, and the government's forfeiture claim to that property is hereby dismissed with prejudice.

3. Each party shall bear its own costs, including any attorneys fees.

Signed this the 29th day of Aug, 2006.

RICHARD L. VOORHEES
UNITED STATES DISTRICT JUDGE

ON MOTION OF AND BY CONSENT OF THE PARTIES:

FOR THE UNITED STATES OF AMERICA:

GRETCHEN C. F. SHAPPERT
United States Attorney

By _____  Date: Aug. 25, 2006
WILLIAM A. BRAFFORD
Assistant United States Attorney


_____  Date: 8/19/06
JOHNNIE MAE RIPPEY by
DAVID L. RIPPEY, Attorney-in-Fact

2

# POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS:

That I, **JOHNNIE MAE RIPPEY,** have hereby made, constituted and appointed and by these presents do hereby make, constitute and appoint my son and daughter, **DAVID RIPPEY and CRYSTAL COMBS, either of whom may act,** as my lawful attorney-in-fact for me and in my name, place and stead, to ask, demand, sue for, recover, receive, of and from all corporations, associations, and persons whatsoever, all and every sum or sums of money due and owing, or that may become due and owing to me on any and every account, whether due or to become due, and give receipts for the same, or at his/her discretion, to compound or compromise for the same, and give discharges, to sign any bond, deed obligation, contract or other paper; to endorse promissory notes, and the same to renew from time to time; to draw upon any bank or banks or any corporations, associations, or individuals for any sum or sums of money that may be to my credit, or which I may be entitled to receive, as I might or could do; to sell any part or parts of my real or personal estate, wheresoever situated, to make all necessary deeds and conveyances thereof with all necessary covenants, warranties, and assurances, and to sign, acknowledge, and deliver the same; to make, enter, and affirm all medical decisions including admittance and discharge at a medical facility or a nursing home, to agree to

treatments, medications, therapy, and all other matters; and to do all such other acts, matters and things in relation to all or part of my interest in my property, estate, affairs, or business, of any kind or description, in the State of Virginia or elsewhere; and to do, execute, and perform all and every other act or acts, thing or things, in law needful and necessary to be done in and about the premises, as fully, largely, and amply, to all intents and purposes whatsoever as I might or could to in acting personally.

This power of attorney shall take effect immediately and shall not terminate on disability, incompetence or incapacity on my part.

All acts done by my attorney-in-fact pursuant to this power of attorney during such disability, incompetence or incapacity shall bind me as fully as if I were not subject to such disability. I hereby ratify and confirm all lawful acts done by my said attorneys by virtue hereof.

WITNESS the following signature and seal this 30th day of August, 2005.

_____Johnnie Mae Rippey_____ (SEAL)
**JOHNNIE MAE RIPPEY**

WITNESS and ADDRESS:

Joyce Miller 178 Gwynwood Dr. Mount Airy, NC 27030

Joyce M Hawks 234 Farmbrook Rd. Mt Airy, NC 27030

STATE OF NORTH CAROLINA

CITY/COUNTY OF _Forsyth_, to-wit:

I, the undersigned, a Notary Public in and for the State of North Carolina at Large, do hereby certify that **JOHNNIE MAE RIPPEY,** whose name is signed to the foregoing Power of Attorney bearing date on the _30th_ day of August, 2005, has this day personally appeared before me in my jurisdiction aforesaid and acknowledged the due execution of same.

**GIVEN** under my hand this _30th_ day of August, 2005.

_Kathy Riggs_
Notary Public

My Commission expires: _March 20, 2010_



OFFICIAL SEAL
Notary Public, North Carolina
County of Forsyth
KATHY RIGGS
My Commission Expires March 20, 2010